IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00241-CV

 

In re
Ivo Nabelek

 

 



Original Proceeding

 

 



DISSENTING Opinion TO ORDER REQUESTING

A RESPONSE TO A PETITION FOR

WRIT OF MANDAMUS










 

          Ivo Nabelek has filed a Petition for
Writ of Mandamus seeking a ruling by the trial court on a motion that has been
on file since May, 2005.  The May 25, 2005 motion pending before the trial
court is allegedly titled, “Plaintiff’s Pro Se Motion for a Court Order to
Direct the Defendants and TDCJ ID Not to Destroy Disciplinary Records and Other
Evidence and Property Items Pending Discovery and Disposition of This Suit.” 
Nabelek re-urged his motion in October, 2005.  The motion is pending in Nabelek
v. Chiles, trial court case number 05-10755-278-10 in Madison County.  It has not been made a part of the record.

          In addition to the petition, Nabelek
has filed the following motions in this Court:

          1.  A motion to proceed without the
payment of cost.  I would grant.

          2.  A motion to suspend the rules and
authorize the filing of only the original document with the court.  I would grant
but remind Nabelek that this does not suspend the requirement that a copy of
every document to be presented to the Court must also be served according to
the Rules of Appellate Procedure.  Tex.
R. App. P. 9.5.

          3.  A motion to obtain relevant
records from the trial court clerk.  I would dismiss this motion as moot.

          4.  A motion to accelerate submission
and consideration of the petition.  I would grant this motion.

          Nabelek has filed a civil proceeding
to which the records he seeks relate.  He has failed to allege or establish
that there is not an exception to the State’s record retention policy for
records related to ongoing litigation.  He has failed to allege or establish that,
notwithstanding such an exception or the pendency of litigation, the State
nevertheless intends to destroy relevant evidence.  He has failed to allege or
establish that, in that event, a spoliation instruction would not adequately
protect his interest.  Because of the mentioned failures, Nabelek has failed to
show that relief by appeal would be inadequate for the trial court’s alleged
failure to rule on the motion.

          Further, when I first came to this
Court, Justice Vance responded to a ruling I proposed on a motion with some good
advice.  He suggested that unless disposition of the motion was necessary to
allow the appeal to move forward, it should be carried with the appeal and
disposed of when necessary.  As he stated, “it leaves our options open.”  As a
result of this philosophy, exercising our discretion, we have “carried” motions
for long periods of time, well over a year, if the motion was not necessary to
allow the appeal to move forward.

          Having evaluated the type of motions
on which we have, by mandamus, compelled a trial court to rule in the past, you
can see this same philosophy applied, until today.

          There is no reason for the trial court
to have to rule on the merits of Nabelek’s motion.  It is the type motion that
can be carried until judgment and possibly never ruled on at all.  This is
because there is an adequate remedy by appeal if the records sought are
destroyed in violation of the retention schedule, pending litigation exceptions
therein, or the rules of civil procedure.

          Finally, it concerns me greatly that
we would inject ourselves into what should be within the discretionary domain
of the trial court.  This is inmate litigation.  This trial court deals with a
lot of inmate litigation.  Inmates, acting as their own lawyers, file a lot of
frivolous and unintelligible motions.  Why we would want to become the proctor,
telling the trial court that “you have had that motion long enough, it is time
to rule on it” is beyond me.  Yes, there are some motions on which rulings are
necessary for a case to go forward.  This is not one of those motions.  In
fact, if the items sought to be protected by the alleged motion have been
sought and produced in discovery, Nabelek would have his own copy of them.  And
if there is adequate relief by discovery, the petition should also be denied.

          If every fact alleged by Nabelek is
true, requesting a response to this petition for a writ of mandamus is a waste
of the collective resources of this Court, the State judicial system, the
taxpayers of this State, and ultimately infringes on the rights of parties who
properly have matters pending before this Court that need a resolution.

          Because, upon the facts alleged,
Nabelek has not shown that the trial court has failed to perform a ministerial
duty, or that he does not have an adequate remedy other than by mandamus, I
would not request a response, and I would deny the petition for writ of
mandamus.  Accordingly, I dissent to the majority’s request for a response.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
opinion delivered and filed September 20, 2006

Publish